FRANKFURT KURNIT KLEIN & SELZ, P.C.
Edward H. Rosenthal
Beth I. Goldman
488 Madison Avenue, 10th Floor
New York, New York 10022
Phone: (212) 980-0120
Fax: (212) 593-9175

*Attorneys for Plaintiff Scholastic Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------X

SCHOLASTIC INC.,                                    :
                                                    :
             Plaintiff,                        :
                                                    :          **COMPLAINT FOR**
 -against-                                          :          **DECLARATORY JUDGMENT**
                                                    :
BOB DAEMMRICH and BOB DAEMMRICH          :          **15 Civ. _____ (      )**
PHOTOGRPAHY, INC.,                                  :
                                                    :
             Defendants.                       :
--------------------------------------------------------------------X

       Plaintiff Scholastic Inc. ("Scholastic"), by its undersigned attorneys, brings this

Complaint for Declaratory Judgment against Defendants Bob Daemmrich, an individual residing

in Austin, Texas and Bob Daemmrich Photography Inc., a Texas Corporation (together,

"Daemmrich").

<u>**Nature of the Action**</u>

      1.     This is an action for a declaratory judgment of non-liability pursuant to the federal

Declaratory Judgment Act, 28 U.S.C. § 2201, to resolve an actual case or controversy that has

arisen between Scholastic and Daemmrich.  Daemmrich has asserted that Scholastic has

infringed the copyrights in numerous stock photographs (the "Images") licensed by Daemmrich

to Scholastic through Daemmrich's agents, Corbis, Inc., Getty Images, Inc., Photo Edit, Inc.,

Stock, Boston, Inc. and the Image Works, Inc. (together the "Stock Photo Houses").

2.     Through its legal counsel, the firm of Harmon & Seidman, which is currently litigating or has litigated numerous other copyright cases based on similar allegations in this District and other jurisdictions, Daemmrich has threatened to "file a lawsuit forthwith . . . in Daemmrich's home district" if Scholastic does not immediately comply with its demand for an exhaustive audit of its use of the Images.  Daemmrich has no right under the Copyright Act or any contract with Scholastic to audit Scholastic's use of the Images.

3.     Daemmrich has demanded that Scholastic disclose the print runs, image size, geographic distribution area, textbook language, and electronic uses of hundreds of Images allegedly used by Scholastic and has insisted that this information be provided without any time limit.  Yet Daemmrich has not provided any information as to the registration of the copyrights in the Images Daemmrich claims have been infringed or the basis for the assertion that Daemmrich's copyrights have been infringed.  Moreover, in many instances, the information provided by Daemmrich does not even identify the Scholastic publication in which the Images purportedly appear and/or the date of publication.

4.     Based on the limited information Daemmrich has provided, it appears that many of Daemmrich's purported copyright claims are based on invoices or licenses that date back many years (some as many as 20 years), making it likely that there have been no sales of publications using such images for the past three years.  Under this circumstance, Daemmrich's claims would be barred by the applicable statute of limitations. *Petrella v. Metro-Goldwyn-Meyer, Inc.*, 134 S. Ct. 1962, 1969 (2014) ("Under the Act's three-year provision, an infringement is actionable within three years, and only three years, of its occurrence"); *Wu v. John Wiley & Sons, Inc.*, No. 14 Civ. 6746,  2015 WL 5254885 at *18, n. 4 (S.D.N.Y. Sep. 10, 2015) (Report and Recommendation by Mag. Judge Andrew J. Peck).

5.     In addition, Daemmrich's threatened claims are subject to numerous other

defenses including, *inter alia*:  that any alleged use by Scholastic was under license from

Daemmrich and/or his agent, one of the Stock Photo Houses; that the uses of Daemmrich's

Images are permitted by the applicable license; that Daemmrich has failed to comply with the

prerequisites of the Copyright Act; that Daemmrich lacks standing to bring some or all of the

claims it is making; and/or that Scholastic is not responsible for any infringing conduct.

## The Parties

6.     Plaintiff Scholastic Inc. is a corporation organized under the laws of New York

that maintains its principal place of business at 557 Broadway, New York, NY 10012.

7.     Upon information and belief, defendant Bob Daemmrich is a photographer

residing in Austin, Texas.

8.     Upon information and belief, defendant Bob Daemmrich Photography Inc.

maintains its principal place of business at 914 Congress Ave., 2nd floor Austin, TX 78701.

## Jurisdiction and Venue

9.     This is an action for a declaratory judgment pursuant to the federal Declaratory

Judgment Act, 28 U.S.C. § 2201.

10.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 2201,

which authorizes the Court to declare the rights and other legal relations between interested

parties, and 28 U.S.C. § 1338, which provides for jurisdiction in connection with claims arising

under the copyright laws.

11.     This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332

because the plaintiffs and the defendant are citizens of different states and the amount in

controversy, exclusive of costs and interest, exceeds the amount of $75,000.

12.     Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(a).

13.     This Court has personal jurisdiction over Daemmrich pursuant to New York Civil

Practice Law and Rules ("NYCPLR") § 301 because Daemmrich has purposely targeted his and

its activities to and has systematically transacted, done, and solicited business in this District.

Daemmrich also is subject to personal jurisdiction in this Court under NYCPLR § 302(a)

because Daemmrich transacted business with Scholastic in New York, both directly and through

his agents, the Stock Photo Houses, and the claims herein arise out of that business activity.

## Relevant Facts

14.     Scholastic is the world's largest publisher and distributor of children's books and

a leader in educational publications and children's media.  For the past 90 years, Scholastic has

published educational materials, including children's books, magazines, teaching materials,

technology-based products, television programming, films, and video.  Scholastic regularly

licenses stock images to include in its publications.

15.     Upon information and belief, Bob Daemmrich is a commercial photographer who

owns and operates Bob Daemmrich Photography, Inc., a photo agency that sells stock

photographs.  Through his photo agency, either in his own name, his agency's name or through

stock photo agencies such as the Stock Photo Houses, Bob Daemmrich supplies photographs to

publishers for use in their books and other publications.

16.     Scholastic and each of the Stock Photo Houses have periodically entered into

comprehensive agreements that permit Scholastic to use images represented by the Stock Photo

House under certain terms and conditions.  These agreements establish that Scholastic had the

right to use photographs represented by one of the Stock Photo Houses, including many of the

Images, based upon a pricing structure set forth in such agreements.

4

17.     In the regular course of its business dealings with the Stock Photo Houses, Scholastic provided the Stock Photo Houses with good faith, pre-publication estimates of the type of use that would be made of a particular Stock Photo House-represented photograph, including the estimated print run.  The amount invoiced by the Stock Photo House and paid by Scholastic would be based upon such estimates.

18.     If Scholastic exceeded the print run or some other aspect of its pre-publication estimates, pursuant to the agreements between Scholastic and the Stock Photo House at issue, the Stock Photo House, as Daemmrich's agent, was entitled to seek additional payment from Scholastic on behalf of the photographer it represented.

19.     Upon information and belief, none of the Stock Photo Houses has made a demand to Scholastic for payments relating to the Images that Daemmrich claims have been infringed.

20.     On November 30, 2015, Daemmrich's counsel sent a demand notice via email (the "Demand") seeking an audit of Scholastic's use of 446 images that were licensed to Scholastic by the Stock Photo Houses.[1]  For each licensed use, the email seeks information relating to "print runs, image size, geographic distribution area, textbook language, electronic uses" without any date limitation.  Attached hereto as Exhibit A is a true and correct copy of the email.

21.     The Demand states that if Scholastic does not comply, Daemmrich "will file a lawsuit forthwith" and that such lawsuit will be in "Daemmrich's home district."

22.     The Demand does not identify the basis for the assertion that Daemmrich's copyrights have been infringed, nor does it include the details of any copyright registration

---

[1] The Demand includes 5 separate spreadsheets listing the uses at issue.  The spreadsheets contained the following number of entries for each Stock Photo House: Corbis (12 images), Getty (8 images), Photo Edit (25 images), Stock, Boston (199 images), and The Image Works (202 images).

information for the Images that Daemmrich claims have been infringed.  In addition, in many instances Daemmrich does not identify the Scholastic publication in which the Images allegedly were used and/or the date of such publication.

23.     There is no legal basis under the Copyright Act for Daemmrich to demand an expansive audit of Scholastic's use of the Images.  Any claim for such an audit would be barred as a matter of law. *See, e.g., Young-Wolff v. McGraw-Hill Companies*, No. 13-CV-4372 KMW JCF, 2014 WL 349711, at *6-8 (S.D.N.Y. Jan. 31, 2014).  Moreover, Daemmrich does not have any contractual right to audit Scholastic's use of the Images.

24.     It is possible that Daemmrich's claims include Images used in publications that Scholastic currently is selling or intends to sell in the future.

25.     In addition, many of Daemmrich's threatened claims are subject to other valid and enforceable defenses including, *inter alia,* that:

      a.     The claims are barred by the statute of limitations;

      b.     Scholastic has not exceeded the scope of the applicable licenses;

      c.     To the extent Daemmrich has any valid claims, they sound in breach of contract, not under copyright law (and therefore may be barred by the statute of limitations for contract claims).

      d.     Daemmrich  has failed to comply with the registration and other prerequisites of the Copyright Act and/or does not have standing to sue on many of the Images it claims have been infringed;

      e.     To the extent that Daemmrich's threatened claims relate to Scholastic's reuse of a photograph in a later edition, revised version, or an electronic version of a work for

which Scholastic had previously licensed a photograph, such re-use is non-infringing pursuant to the revision privilege contained in Section 201(c) of the Copyright Act.

26.    In light of these defenses, and others to be determined through discovery, Daemmrich has no viable claim of copyright infringement or any other claim against Scholastic as a matter of law.

27.    Given Daemmrich's explicit threat to "file a lawsuit forthwith," Scholastic has a reasonable and good faith belief that this case and controversy is ripe and justiciable.

## COUNT ONE

### (Claim for Declaratory Relief)

28.    Scholastic repeats and realleges the allegations of Paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29.    Daemmrich has asserted that Scholastic's use of his/its Images constitutes copyright infringement and has threatened to bring a lawsuit forthwith in the United States District Court in Daemmrich's "home district" (presumably, the Western District of Texas).

30.    Scholastic denies that it has infringed Daemmrich's copyrights and asserts that it has defenses to Daemmrich's claims, including that:  (1) Daemmrich has no audit right under the Copyright Act and no contractual right to an audit of the uses of the Images; (2) Daemmrich's copyright claims are barred by the statute of limitations; (3) Daemmrich has not exceeded the applicable licenses; (4) to the extent that Daemmrich has any claims against Scholastic, such claims sound in breach of contract not copyright law (and may be barred by the applicable statute of limitations); (5) Daemmrich has failed to comply with the prerequisites of the Copyright Act and/or lacks standing to bring his alleged claims;  and (6) Scholastic's uses of the Images are permitted by Section 201(c) of the Copyright Act.

7

31.     Accordingly, an actual, present and justiciable controversy has arisen between Daemmrich and Scholastic concerning the use of Daemmrich's images by Scholastic.

32.     Scholastic has suffered and will continue to suffer harm as a result of the uncertainty concerning Scholastic's potential liability for the uses of the Images identified in the Demand.

## Prayer for Relief

WHEREFORE, by the undersigned attorneys, Scholastic prays for relief as follows:

A.     A Judgment declaring that Daemmrich has no legal basis to audit Scholastic's use of its images under the Copyright Act or any contract;

B.     A Judgment declaring that Scholastic has not infringed Daemmrich's copyrights in the Images;

C.     That Scholastic recover its costs and disbursements incurred in this action, including its reasonable attorneys' fees; and

D.     Such other and further relief as the Court deems just and proper.


Dated:  New York, New York
        December 7, 2015

FRANKFURT KURNIT KLEIN & SELZ, P.C.


By:_____
        Edward H. Rosenthal, Esq.
        Beth I. Goldman, Esq.
        488 Madison Avenue
        New York, New York  10022
        Tel.: (212) 980-0120
        Fax: (212) 593-9175
        erosenthal@fkks.com
        bgoldman@fkks.com

        *Attorneys for Plaintiff Scholastic Inc.*