**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
SCHOLASTIC INC.,                                          :
                                                         :
                    Plaintiff,                           :          **Case No. 15-CV-09550-VSB**
                                                         :
           -against-                                     :          **Hon. Vernon S. Broderick**
                                                         :
BOB DAEMMRICH and BOB DAEMMRICH            :
PHOTOGRPAHY, INC.,                                        :
                                                         :
                    Defendants.                          :
-----------------------------------------------------------------X


### PLAINTIFF SCHOLASTIC INC.'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

FRANKFURT KURNIT KLEIN & SELZ, P.C.
Edward H. Rosenthal
Craig B. Whitney
488 Madison Avenue
New York, New York  10022
Tel.:  (212) 980-0120
Fax:  (212) 593-9175
erosenthal@fkks.com
cwhitney@fkks.com

*Attorneys for Plaintiff Scholastic Inc.*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... iii

PRELIMINARY STATEMENT ............................................................................................... 1

RELEVANT FACTUAL BACKGROUND ............................................................................... 3

LEGAL STANDARDS ............................................................................................................ 5

ARGUMENT ........................................................................................................................... 6

I.    THE COURT HAS SUBJECT MATTER JURISDICTION OVER THE INSTANT
      ACTION ......................................................................................................................... 6

      A.    Subject Matter Jurisdiction Under The Declaratory Judgment Act Requires An
            "Actual Controversy".......................................................................................... 6

      B.    The Complaint Pleads An Actual Controversy..................................................... 7

      C.    This Court Must Exercise Jurisdiction Over The Instant Action Because It Will
            Clarify The Legal Relations Between The Parties And Afford Relief From The
            Uncertainty And Controversy Established By The Demand ................................. 9

      D.    The Relief Sought By The Instant Action Is Proper Under the Declaratory
            Judgment Act ..................................................................................................... 11

II.   THE FIRST-FILED RULE REQUIRES THE INSTANT ACTION TO PROCEED...... 12

      A.    No Exception To The First-Filed Rule Applies.................................................. 13

            1.    No "Special Circumstances" Favor The Texas Action............................ 13

                  (a)    The Instant Action Is Not An "Improper" Anticipatory Lawsuit
                         Motivated By An Improper Purpose.............................................. 14

                  (b)    Forum Shopping Did Not Motivate The Filing of The Instant
                         Action........................................................................................... 16

            2.    The Balance Of Conveniences Also Favors The Instant Action ............. 17

            3.    Daemmrich Offers No Authority That Compels A Departure From The
                  First-Filed Rule ..................................................................................... 18

            4.    Certain Stock Photo House Licenses Must Be Adjudicated in  New York
                  ................................................................................................................ 19

III.    SCHOLASTIC'S COMPLAINT SUFFICIENTLY PLEADS A CLAIM FOR DECLARATORY RELIEF ................................................................................................ 20

IV.    IF REQUIRED, LEAVE TO AMEND SHOULD BE GRANTED ................................ 22

CONCLUSION .................................................................................................................. 23

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*800-Flowers, Inc. v. Intercontinental Florist, Inc.*,
860 F. Supp. 128 (S.D.N.Y. 1994) ................................................................ *passim*

*AARP v. 200 Kelsey Assocs., LLC*,
No. 06 CIV. 81 (SCR), 2009 WL 47499 (S.D.N.Y. Jan. 8, 2009) ....................................10, 11

*Arista Records v. Doe*,
604 F.3d 110 (2d Cir. 2010)....................................................................................6

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................................................................................6, 22

*Bob Daemmrich Photography, Inc. v. Scholastic Inc.*,
Case No 15-cv-1150-RP (W.D. Tx.) .........................................................................5

*Chambers v. Time Warner, Inc.*,
282 F.3d 147 (2d Cir. 2002)....................................................................................9

*Cont'l Cas. Co. v. Coastal Sav. Bank*,
977 F.2d 734 (2d Cir. 1992)..................................................................................10

*Cortec Indus., Inc. v. Sum Holding L.P.*,
949 F.2d 42 (2d Cir. 1991)....................................................................................9

*DeLuca v. AccessIT Grp., Inc.*,
695 F. Supp. 2d 54 (S.D.N.Y. 2010).........................................................................9

*Effie Film, LLC v. Murphy*,
932 F. Supp. 2d 538 (S.D.N.Y. 2013).........................................................................7

*Emp'rs Ins. of Wausau v. Fox Entm't Grp., Inc.*,
522 F.3d 271 (2d Cir. 2008)....................................................................13, 14, 16, 18

*Gianni Sport Ltd. v. Metallica*,
No. 00 Civ. 0937 (MBM), 2000 WL 1773511 (S.D.N.Y. Dec. 4, 2000) ..............................19

*Herbert Ltd. P'ship v. Elec. Arts Inc.*,
325 F. Supp. 2d 282 (S.D.N.Y. 2004).........................................................................18

*Houghton Mifflin Harcourt Pub. Co. v. Dennis Kunkel Microscopy, Inc.*,
Case No. 1:15-cv-07243-LLS (S.D.N.Y. Mar. 31, 2016)....................................................11

*Ivy-Mar Co. v. Weber-Stephen Prods., Co.*,
    No. 93 CIV. 5973 (PKL), 1993 WL 535166 (S.D.N.Y. Dec. 22, 1993) ...............................16

*J. Lyons & Co. v. Republic of Tea, Inc.*,
    892 F. Supp. 486 (S.D.N.Y. 1995) ....................................................................................17

*Jacobs v. Carnival Corp.*,
    No. 06 CIV. 0606 (DAB), 2009 WL 856637 (S.D.N.Y. Mar. 25, 2009) ..............................13

*John Wiley & Sons, Inc. v. DRK Photo*,
    No. 11 CIV. 5454 GBD, 2012 WL 4903250 (S.D.N.Y. Oct. 15, 2012)......................... *passim*

*John Wiley & Sons, Inc. v. Visuals Unlimited Inc.*,
    No. 11 Civ. 5453 (CM), 2011 WL 5245192 (S.D.N.Y. Nov. 2, 2011) ...........................10, 11

*Kickstarter, Inc. v. ArtistShare, Inc.*,
    No. 11 CIV. 6909 PAC, 2012 WL 1192021 (S.D.N.Y. Apr. 10, 2012) ...................................7

*La Grande v. DeCrescente Distrib. Co.*,
    370 F. App'x 206 (2d Cir. 2010) .........................................................................................6

*Lee v. Makhnevich*,
    No. 11 CIV. 8665 PAC, 2013 WL 1234829 (S.D.N.Y. Mar. 27, 2013)................8, 11, 21, 23

*Lefkowitz v. McGraw-Hill Cos.*,
    No. 13-26 161, 2013 WL 3061549 (E.D. Pa. June 19, 2013)................................................20

*Lunney v. United States*,
    319 F.3d 550 (2d Cir. 2003)................................................................................................5, 6

*Magi XXI, Inc. v. Stato Della Citta Del Vaticano*,
    818 F. Supp. 2d 597 (E.D.N.Y. 2011) ................................................................................20

*Makarova v. United States*,
    201 F.3d 110 (2d Cir. 2000)..................................................................................................5

*MedImmune, Inc. v. Genentech, Inc.*,
    549 U.S. 118 (2007)..............................................................................................................6

*Medtronic, Inc. v. Mirowski Family Ventures, LLC*,
    134 S. Ct. 843 (2014)..........................................................................................................22

*Muench Photography, Inc. v. McGraw-Hill Cos.*,
    No. 3:12-cv-02473-EMC (N.D. Cal. July 13, 2012) ............................................................20

*Nike, Inc. v. Already, LLC*,
    663 F.3d 89 (2d Cir. 2011), *aff'd*, 133 S. Ct. 721 (2013) .........................................................6

*Ontel Products, Inc. v. Project Strategies Corp.*,
 899 F. Supp. 1144 (S.D.N.Y. 1995)....................................................................12, 13, 15

*Pharm. Res., Inc. v. Alpharma USPD Inc.*,
 No. 02 CIV.1015 LMM, 2002 WL 987299 (S.D.N.Y. May 13, 2002) ................13, 14, 16, 17

*San Leandro Emergency Med. Grp Profit Sharing Plan v. Philip Morris*,
 75 F .3d 801, 808-09 (2d Cir. 1996) ........................................................................8

*Senisi et al. v. John Wiley & Sons, Inc.*,
 Case No. 13-cv-03314 (S.D.N.Y.)............................................................................15

*Sohm v. McGraw-Hill Global Ed. Holdings, LLC*,
 No. 16-cv-01316-SJO-KS (C.D. Cal. June 6, 2016)..................................................20

*State Farm Mut. Auto. Ins. Co. v. Rabiner*,
 749 F. Supp. 2d 94 (E.D.N.Y. 2010) ......................................................................22

*Telebrands Corp. v. Exceptional Products Inc.*,
 No. 11-CV-2252, 2011 WL 6029402 (D.N.J. Dec. 5, 2011)......................................8

*Veoh Networks, Inc. v. UMG Recordings, Inc.*,
 522 F. Supp. 2d 1265 (S.D. Cal. 2007)....................................................................8

*Young-Wolff v. McGraw-Hill Cos.*,
 No. 13-CV-4372 (KMW) (JCF), 2014 WL 349711 (S.D.N.Y. Jan. 31, 2014) ......................15

**Statutes**

28 U.S.C. § 2201(a) ..............................................................................6, 12, 19, 22

**Rules**

Fed. R. Civ. P. 12(b)(1)...........................................................................................5

Fed. R. Civ. P. 12(b)(6)........................................................................................6, 21

Fed. R. Civ. P. 15(a)(2)...........................................................................................23

Plaintiff Scholastic Inc. ("Scholastic") respectfully submits this memorandum of law in opposition to Defendants Bob Daemmrich and Bob Daemmrich Photography, Inc.'s (together, "Daemmrich") motion to dismiss ("Mot.").

## PRELIMINARY STATEMENT

Daemmrich does not have the right to make unsupported and speculative accusations of copyright infringement, demand that Scholastic disclose voluminous records dating back over twenty years (hoping to substantiate his claims), and then dismiss Scholastic's Complaint seeking a judgment precluding Daemmrich's improper behavior.

Daemmrich licenses photographic images to third parties through various stock photograph licensing agents ("Stock Photo Houses"). Scholastic contracts with these Stock Photo Houses to license stock images for its many publications. When one of those licensed images belongs to Daemmrich, Scholastic pays the Stock Photo Houses a licensing fee and the Stock Photo Houses pay Daemmrich his share.

Notwithstanding this arrangement and the absence of any evidence that Scholastic exceeded its licenses with the Stock Photo Houses, Daemmrich sent Scholastic a demand letter on November 30, 2015 (the "Demand") accusing it of infringing the copyrights of 446 images validly licensed by Scholastic from the Stock Photo Houses. The Demand threatened that if Scholastic failed to provide Daemmrich with "print runs, image size, geographic area, textbook language, electronic uses" for all 446 images, he would file litigation against Scholastic "forthwith." But Daemmrich has no right under copyright or any other law to seek such a burdensome audit. Nor must Scholastic stand idly by while being accused of infringement without any factual basis.

To protect itself from this threat and potential disruption to Scholastic's business, Scholastic filed this action seeking a declaration that Daemmrich has no right to an audit and that

Scholastic is not liable to Daemmrich for copyright infringement ("the Instant Action").

Daemmrich subsequently filed an action for copyright infringement against Scholastic in the

Western District of Texas (the "Texas Action") with respect to only 368 of the images identified

in the Demand. Daemmrich now requests that this Court dismiss the first-filed Instant Action for

several reasons, none of which have merit.

*First*, Daemmrich argues that this Court lacks subject matter jurisdiction over this action

because no "actual controversy" exists sufficient to establish subject matter jurisdiction. But

Daemmrich's contention is belied by his filing of the Texas Action, which involves a subset of

precisely the same controversy between the parties. Additionally, the Demand constitutes a real

and substantial threat of litigation over the same alleged infringement and is itself sufficient to

establish an actual controversy between the parties.

*Second*, Daemmrich argues that even if the Court has subject matter jurisdiction, it should

choose not to exercise it. This case presents a situation where the Court must exercise

jurisdiction, however, because the Instant Action will settle the entire controversy between the

parties. The Instant Action seeks an adjudication of non-infringement of all 446 images asserted

in the Demand (rather than only the 368 images at issue in the Texas Action), as well as

resolving the dispute over Daemmrich's audit demand.

*Third*, contrary to Daemmrich's contention, the first-filed rule instructs that the Instant

Action should proceed. Daemmrich has not shown that either of the only two exceptions to this

rule apply. Scholastic did not file an anticipatory law suit for an improper purpose. Moreover,

the Southern District of New York is the proper forum for the Court to hear a claim involving a

New York-based publisher where nearly all of the witnesses and documents are located, and

where numerous cases involving similar legal issues have been and are currently being

adjudicated. In addition, some of the Stock Photo House licenses underlying Scholastic's non-

infringement argument contain New York forum-selection clauses.  Non-infringement claims based on those licenses therefore *must* be adjudicated in this Court—as several other courts have previously held.

*Fourth*, Daemmrich's position that Scholastic's Complaint fails to allege enough facts to state a claim seeks to impose on Scholastic the same requirements needed to plead a copyright infringement suit, which is not what is required to plead a claim for declaratory relief of *non-infringement* (and for relief with respect to audit rights).  All that is required to state a claim for declaratory judgment of non-infringement are allegations sufficient to show that the Court has jurisdiction and that a justiciable controversy is involved.  Moreover, the Complaint does, in fact, allege the existence of Stock Photo House licenses and incorporates by reference all of the information provided by Daemmrich on the 446 images at issue (which notably are the same factual allegations asserted by Daemmrich in the Texas Action complaint with respect to the 368 images at issue there).  Scholastic's Complaint plainly meets the applicable pleading standard to state a claim for declaratory judgment of non-infringement.

Thus, Daemmrich's Motion must be denied in its entirety.

## RELEVANT FACTUAL BACKGROUND

Scholastic is a publisher and distributor of children's books and a leader of educational publications in children's media.  Compl. ¶ 14.  Scholastic regularly enters into agreements with Stock Photo Houses and/or photographers that permit Scholastic to use their images in its publications.  *Id.* ¶ 16.   Bob Daemmrich purports to be a professional photographer and owner of Bob Daemmrich Photography, Inc.  Mot. at 3.

On November 30, 2015, Daemmrich's counsel sent a Demand to Scholastic's counsel accusing Scholastic of infringing Daemmrich's copyrights in numerous stock photographs licensed by Daemmrich to Scholastic through certain Stock Photo Houses (specifically, Corbis,

Inc., Getty Images, Inc., Photo Edit, Inc., Stock, Boston, Inc. and the Image Works, Inc.).  *See* Compl., ¶ 20 & n.1, Ex. A.  The Demand threatened litigation if Scholastic failed to comply with Daemmrich's demands for an exhaustive audit with respect to 446 licensed photographs.  *Id.* Specifically, Daemmrich demanded that, for each of the images (which were listed in five spreadsheets attached to the Demand), Scholastic provide information about "print runs, image size, geographic area, textbook language, electronic uses," without limitation as to time frame. *Id.*  A significant number of the invoices or licenses identified by Daemmrich date back many years, including some over 20-years old.  *See* Declaration of Craig B. Whitney ("Whitney Decl."), Ex. E at 15 (*e.g.*, Invoice 940421 – 6/15/94; Invoice 950374 – 6/12/95; Invoice 960048 – 1/22/96).

Tellingly, despite Daemmrich's accusations of infringement, Daemmrich never provided any basis for his contention that Scholastic had exceeded the scope of any license or otherwise infringed his rights.  *See* Compl., Ex. A.  To the contrary, Daemmrich claims to lack the information necessary to make this determination.  *See id.*  Undeterred by these unsupported accusations of infringement, the Demand unambiguously stated that a failure by Scholastic to provide detailed information spanning over 20 years—in some cases without identifying the Scholastic work in which some of Daemmrich's licensed images allegedly appeared—and sign an agreement tolling the statute of limitations by December 10, 2015, would result "forthwith" in "litigation in Daemmrich's home district."  *Id.*  Daemmrich's Demand made clear that providing "only print run information for a limited period" would not have been "adequate."  *Id.*

While Daemmrich's counsel was careful to avoid using the word "audit" in the Demand, requiring Scholastic to provide detailed factual information about its compliance with Stock Photo House licenses—and threatening litigation if Scholastic did not comply—is an audit request.  As shown below, courts in this jurisdiction have held that there is no audit right under

copyright law and have rejected similar efforts to force publishers to disclose information of the type sought by Daemmrich.  Faced with this threat, and absent any stated basis for the accusation that Scholastic had infringed any of Daemmrich's copyrights, Scholastic filed the Instant Action on December 7, 2015, seeking a judgment declaring that Daemmrich has no legal basis to audit Scholastic's use of images licensed from the Stock Photo Houses, under either the Copyright Act or any contract, and a judgment declaring that Scholastic has not infringed Daemmrich's copyrights in the 446 images identified in the Demand.  Compl., Prayer for Relief ¶¶ A-B.

Days later, on December 11, 2015, Bob Daemmrich Photography, Inc. filed the Texas Action in the Western District of Texas, asserting copyright infringement against Scholastic for 368 of the images at issue in the Instant Action.  *See* Whitney Decl., Ex. C.[1]  Notably, the complaint in the Texas Action provides no further clarity as to the basis underlying Daemmrich's accusations of infringement, only generalized statements made on information and belief.  *Id.*

Daemmrich now moves to dismiss the Instant Action for lack of subject matter jurisdiction and failure to state a claim.  That motion must be denied.

## LEGAL STANDARDS

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) concerns whether the district court has the statutory or constitutional power to adjudicate the case.  *See Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000).  In deciding this type of motion, a district court "may refer to evidence outside the pleadings."  *Id.*  The court also must accept all factual

---

[1] The Texas Action is currently stayed pending the issuance of an order in this Court as to whether the Texas Action should be dismissed, stayed, transferred and consolidated, or permitted to proceed in the Texas court.  *See Bob Daemmrich Photography, Inc. v. Scholastic Inc.*, Case No 15-cv-1150-RP (W.D. Tx.) (Dkt. # 8).

allegations as true. *See Lunney v. U.S.,* 319 F.3d 550, 554 (2d Cir. 2003). A plaintiff need only

show by a preponderance of the evidence that subject matter jurisdiction exists. *Id.*

When considering a motion to dismiss for failure to state a claim upon which relief can

be granted, under Federal Rule of Civil Procedure 12(b)(6), a court must determine whether the

complaint alleges "enough facts to state a claim for relief that is plausible on its face." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In doing so, a court must "constru[e] the

Complaint liberally, accept[] all factual allegations in the Complaint as true, and draw[] all

reasonable inferences in the plaintiff's favor." *Galiano v. Fid. Nat. Title Ins. Co.*, 684 F.3d 309,

311 (2d Cir. 2012). The complaint need not plead "specific evidence" or "extra facts" beyond

what is needed to make the claim plausible. *See Arista Records v. Doe*, 604 F.3d 110, 120-21

(2d Cir. 2010).

## <u>ARGUMENT</u>

I.   **THE COURT HAS SUBJECT MATTER JURISDICTION OVER THE INSTANT
     ACTION**

    **A.   Subject Matter Jurisdiction Under The Declaratory Judgment Act Requires
     An "Actual Controversy"**

The Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201(a), permits a court, "[i]n a

case of actual controversy within its jurisdiction," to "declare the rights and other legal relations

of any interested party seeking such declaration. . . ." 28 U.S.C. § 2201(a). Pursuant to

*MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127, 133 n.11 (2007), the totality-of-the-

circumstances test applies in intellectual property cases to determine whether there is an "actual

controversy." *See Nike, Inc. v. Already, LLC*, 663 F.3d 89, 95 (2d Cir. 2011), *aff'd*, 133 S. Ct.

721 (2013) (citing *MedImmune*). This test looks at whether "the facts alleged, under all the

circumstances, show that there is a substantial controversy, between parties having adverse legal

interests, of sufficient immediacy and reality" to warrant the issuance of a declaratory judgment. *Effie Film, LLC v. Murphy*, 932 F. Supp. 2d 538, 553 (S.D.N.Y. 2013).

One of the circumstances courts look at in determining whether declaratory relief is warranted is whether the plaintiff has reasonable apprehension that it will be sued. *See Kickstarter, Inc. v. ArtistShare, Inc.*, No. 11 CIV. 6909 PAC, 2012 WL 1192021, at *4 n.1 (S.D.N.Y. Apr. 10, 2012) (citing *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1336 (Fed. Cir. 2008)). To that end, "if a party has actually been charged with infringement . . . there is *necessarily*, a case or controversy adequate to support [declaratory judgment] jurisdiction." *Id.* at *3 (citations omitted) (emphasis in original).

### B. The Complaint Pleads An Actual Controversy

Daemmrich filed a copyright infringement claim against Scholastic only days after the Instant Action, alleging infringement of hundreds of the *same* images identified in the Complaint. *See* Whitney Decl., Ex. C. This alone is sufficient to show that the Instant Action presents a live controversy between the parties. *See, e.g.*, *John Wiley & Sons, Inc. v. DRK Photo*, No. 11 CIV. 5454 GBD, 2012 WL 4903250, at *1 (S.D.N.Y. Oct. 15, 2012) ("*DRK Photo*") ("Defendant's claim of a lack of case or controversy is also inherently belied by the fact that the defendant has brought the same suit . . . claiming copyright infringement, in Arizona.").

Additionally, the well-pleaded facts in the Complaint and attached exhibit clearly show that there is a "real and substantial" adversity of legal interests between Scholastic and Daemmrich. Specifically, the Demand accused Scholastic of infringing copyrights in 446 images licensed to Scholastic by the Stock Photo Houses and threatened that a failure by Scholastic to comply with a burdensome audit would result in litigation. Compl., Ex. A. This clear threat of litigation also is sufficient to create an actual controversy between the parties as to the alleged infringement of those images, which is the controversy asserted in the Complaint.

*See, e.g. Lee v. Makhnevich*, No. 11 Civ. 8665(PAC), 2013 WL 1234829, at *4 (S.D.N.Y. Mar. 27, 2013) (threats of litigation sufficient to show that actual controversy exists); *see also Telebrands Corp. v. Exceptional Products Inc.*, No. 11-CV-2252, 2011 WL 6029402, at *2 (D.N.J. Dec. 5, 2011) (communications to plaintiff notifying it of potential causes of action adequately showed an immediate and real controversy).

Daemmrich's contention that the Instant Action does not contain an actual controversy is flawed. To begin with, the argument relies on outdated and non-binding authority. Mot. at 9-16 (citing *Diagnostic Unit Inmate Council v. Films Inc.*, 88 F.3d 651 (8th Cir. 1996) (citing *State of Tex. v. W. Pub. Co.*, 882 F.2d 171, 175 (5th Cir. 1989) (applying pre-*MedImmune* test))). Daemmrich also incorrectly argues that the facts alleged in the Complaint are too vague to establish an actual controversy. (Mot. at 9-11.) But the Complaint identifies the 446 images that were the subject of Daemmrich's threatened litigation and incorporates the five spreadsheets from Daemmrich that provide information including invoice/license number, invoice date, image description, summary of rights licensed and title of publication. Compl. ¶ 20 & n.1; *see also* Whitney Decl., Ex. E.[2]

Scholastic did not attach these voluminous spreadsheets as exhibits to the Complaint, but they are properly considered as part of the Complaint for several reasons. First, the charts are attachments to the Demand, which is attached to the Complaint as Exhibit A. *See*, *e.g.*, *San Leandro Emergency Med. Grp Profit Sharing Plan v. Philip Morris*, 75 F.3d 801, 808-09 (2d

---

[2] Daemmrich's reliance on *Veoh Networks, Inc. v. UMG Recordings, Inc.*, 522 F. Supp. 2d 1265 (S.D. Cal. 2007), is misplaced. In addition to applying a different circuit's standards, the complaint in that case sought a declaration as to non-infringement, but alleged only that the defendant owned "unspecified copyrights" and had made "unspecified threats" of litigation. *Id.* at 1270.

Cir. 1996) (upholding consideration, on motion to dismiss, of full text of documents partially

quoted in complaint).  Second, Scholastic incorporated them by reference into the Complaint.

*See* Compl. ¶ 20 n.1; *see also DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 60 (S.D.N.Y.

2010) (documents are incorporated by reference where the complaint makes "a clear, definite

and substantial reference to the documents").  Finally, the Complaint relies heavily on the

Demand's "terms and effect" and Daemmrich had notice of the Demand and attached

spreadsheets (indeed, Daemmrich created them), which render them "integral" to the Complaint.

*See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002) ("Even where a

document is not incorporated by reference, the court may nevertheless consider it where the

Complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the

Complaint."); *cf. Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) (a

document integral to the complaint, but which is neither attached nor incorporated by reference,

may nevertheless be relied on in a motion to dismiss).[3]

     The Complaint thus clearly pleads the actual controversy required for subject matter

jurisdiction.

     **C.**     **This Court Must Exercise Jurisdiction Over The Instant Action Because It Will Clarify The Legal Relations Between The Parties And Afford Relief From The Uncertainty And Controversy Established By The Demand**

     While the district court generally has discretion to exercise declaratory judgment

jurisdiction, the Second Circuit has held that a court is required to exercise that authority

"(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in

issue, *or* (2) when it will terminate and afford relief from the uncertainty, insecurity, and

---

[3] Scholastic has included the spreadsheets as Exhibit E to the Declaration of Craig B. Whitney, filed concurrently herewith.

controversy giving rise to the proceeding." *AARP v. 200 Kelsey Assocs., LLC*, No. 06 Civ. 81 (SCR), 2009 WL 47499, at *4 (S.D.N.Y. Jan. 8, 2009) (citing *Cont'l Cas. Co. v. Coastal Sav. Bank*, 977 F.2d 734, 736 (2d Cir. 1992)).  Satisfaction of either prong is sufficient.  *Cont'l Cas. Co.*, 977 F.2d at 737.

Daemmrich contends that this Court should use its discretion to decline to exercise jurisdiction over the Instant Action because the Instant Action "will not fully resolve the controversy, or serve any useful purpose."  Mot. at 20.  To the contrary, the Instant Action would resolve the entire controversy between the parties, i.e., a determination of non-infringement with respect to all images identified in the Demand and a determination of rights with respect to the audit demand.  *See* Compl., Prayer for Relief ¶¶ A-B.  The Texas Action, on the other hand, seeks a determination of liability with respect to only a subset of the copyrights that Daemmrich claims have been infringed.  *See* Whitney Decl., Ex. C.

By resolving the entire dispute, the Instant Action will also quell Scholastic's uncertainty as to its audit obligations (or lack thereof) and both parties' uncertainty as to liability, which ultimately will resolve the controversy.   Accordingly, both prongs are satisfied, and the law thus compels that jurisdiction be maintained.  *See AARP*, 2009 WL 47499, at *4.

The case of *John Wiley & Sons, Inc. v. Visuals Unlimited Inc.*, No. 11-CV-5453-CM, 2011 WL 5245192, at *2 (S.D.N.Y. Nov. 2, 2011) ("*Visuals Unlimited*"), relied on by Daemmrich, is inapposite.  In *Visuals Unlimited*, the plaintiff filed a declaratory judgment action seeking an adjudication of three affirmative defenses to the defendant's claim of copyright infringement.  The plaintiff did *not* seek a determination of non-infringement.  *Id.*  The court therefore held that the action would not serve a useful purpose in clarifying the legal relations between the parties because, even if the court issued the plaintiff's desired declaration, the

parties still would need to litigate the merits of the infringement claim and the defendant's fraud claim (which was indisputably part of the controversy).  *Id.*

The Instant Action, in contrast, seeks the judgment that the *Visuals Unlimited* complaint was missing—a determination that Scholastic is not liable to Daemmrich for copyright infringement with respect to all 446 images that form the basis of the parties' controversy, as well as a declaration of rights with respect to the audit.  *See* Compl., Prayer for Relief ¶¶ A-B. Daemmrich's argument—here, and elsewhere in the motion to dismiss—misconstrues the Complaint as seeking primarily a judgment that the statute of limitations bars any action for infringement.  *See* Mot. at 20-21; *see also id.* at 2, 12-13, 22-24.  But the Complaint seeks a declaratory judgment of *non-infringement* that is supported by several reasons, including the fact that Scholastic has a license to use all of the asserted images (which Daemmrich acknowledges in the Demand).  *See* Compl. ¶¶ 1, 30; Prayer for Relief ¶ B; Ex. A; Whitney Decl., Ex. E.  If the Court provides this requested relief, there will be no issues remaining for the parties to litigate.

### D.    The Relief Sought By The Instant Action Is Proper Under the Declaratory Judgment Act

The relief sought in the Complaint—for non-infringement of copyrights and a determination of audit rights—is routinely sought through declaratory judgment actions.  *See, e.g.*, *Lee*, 2013 WL 1234829, at *4; *see also AARP*, 2009 WL 47499, at *4 ("Declaratory judgment actions involving intellectual property rights are most often brought by potential infringers seeking a declaration of noninfringement or invalidity.").  Indeed, many publishers have sought declaratory judgment in response to audit demands like the one asserted by Daemmrich here.  *See, e.g.*, *DRK Photo*, 998 F. Supp. 2d at 272-73.[4]

---

[4] Daemmrich again relies on *Visuals Unlimited* to argue otherwise (Mot. at 12), but *Visuals Unlimited* sought a declaration of rights only with respect to affirmative defenses.  2011 WL

Finally, Daemmrich's argument that the Instant Action should be dismissed because it only seeks a declaration with respect to past acts of infringement lacks merit.  Mot. at 14.  The Complaint alleges that Scholastic may be including the 446 images at issue in publications that it "*currently is selling or intends to sell in the future*."  Compl. ¶ 24 (emphasis added).  Scholastic accordingly seeks an adjudication of its rights to sell publications that include Daemmrich's photographs, as well as with respect to a pending audit demand.[5]

The Instant Action is therefore proper under the Declaratory Judgment Act and the Court should exercise its discretion to hear it.

## II.    THE FIRST-FILED RULE REQUIRES THE INSTANT ACTION TO PROCEED

The Second Circuit follows the first-filed rule: "Where lawsuits concerning the same parties and issues are pending in two federal districts, the first-filed rule of the Second Circuit generally affords priority to the first-filed suit when courts choose which suit to permit to go forward."  *Ontel Products, Inc. v. Project Strategies Corp.*, 899 F. Supp. 1144, 1150 (S.D.N.Y. 1995).  This rule "avoids duplicative litigation by adhering to the inherently fair concept that the party who commenced the first suit should generally be the party to attain its choice of venue."  *Id.*  By eliminating duplicative suits, the rule "embodies considerations of judicial administration and conservation of resources."  *Emp'rs Ins. of Wausau v. Fox Entm't Grp., Inc.*,

---

5245192, at *7.  The same applies to the complaint cited by Daemmrich (Mot. at 13) in *Houghton Mifflin Harcourt Pub. Co. v. Dennis Kunkel Microscopy, Inc.*, Case No. 1:15-cv-07243-LLS (S.D.N.Y. Mar. 31, 2016).

[5] Daemmrich makes a confusing argument that Scholastic cannot claim that some publications allegedly containing Daemmrich's images have not been sold in many years while others continue to be sold.  Mot. at 2, 15.  Daemmrich has accused Scholastic of infringing over 400 images, some of which were licensed to Scholastic 20 years ago.  Thus, some of the publications that contain the images may not have been published in many years, while others may continue to be published today or in the future.

522 F.3d 271, 275 (2d Cir. 2008). The first-filed rule applies even when the first-filed action

seeks a declaratory judgment. *800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F. Supp.

128, 132 (S.D.N.Y. 1994).

It is undisputed that the Instant Action and the Texas Action involve the same parties and

the same claims. *See* Mot. at 17-20. It also is undisputed that Scholastic filed the Instant Action

prior to Daemmrich filing the Texas Action. *See id.* at 4-5. Thus, the first-filed rule instructs

this Court to hear the Instant Action.[6] *See, e.g.*, *DRK Photo,* 2012 WL 4903250, at *1 (the first-

filed rule gives priority to first-filed suit).

### A.    No Exception To The First-Filed Rule Applies

To deviate from the first-filed rule, Daemmrich must demonstrate that one of two

exceptions apply: (1) where "special circumstances" warrant giving priority to the second suit, or

(2) where, in the discretion of the court, the "balance of convenience" favors the second-filed

action. *Emp'rs Ins.*, 522 F.3d at 275; *see also Pharm. Res., Inc. v. Alpharma USPD Inc.*, No. 02

CIV.1015 LMM, 2002 WL 987299, at *2 (S.D.N.Y. May 13, 2002) ("The first-to-file rule

requires a court to give priority to the action filed first even if it is a declaratory action. . . . The

party seeking to deviate from the rule must demonstrate that circumstances justifying an

exception exist . . ."). Neither exception applies to this well-settled legal principle.

### 1.    <u>No "Special Circumstances" Favor The Texas Action</u>

The "special circumstance" exception applies in situations where the first-filed rule is an

"improper" anticipatory lawsuit, or where forum shopping *alone* motivated the filing of the first

---

[6] Daemmrich is permitted to assert copyright infringement counterclaims in the Instant Action, provided that Daemmrich meets the requirements for making such claims, including by setting forth the works that contain the allegedly infringing material, the proof of copyright registrations and the other specifics of the alleged claims. *See, e.g.*, *Jacobs v. Carnival Corp.*, No. 06 Civ. 0606 (DAB), 2009 WL 856637, at *4 (S.D.N.Y. Mar. 25, 2009).

suit. *Emp'rs Ins.*, 522 F.3d at 276. The Instant Action, however, is neither an improper anticipatory lawsuit filed for an improper purpose nor motivated (solely or at all) by forum shopping.

**(a)    The Instant Action Is Not An "Improper" Anticipatory Lawsuit Motivated By An Improper Purpose**

As an initial matter, the Instant Action could not be deemed anticipatory in light of Daemmrich's Demand. An anticipatory lawsuit is one that is filed "in response to a direct threat of litigation that gives specific warnings as to deadlines and subsequent legal action." *Emp'rs Ins.*, 522 F.3d at 276. The threat must include "the intention to file suit, a filing date, and/or a specific forum for the filing of the suit." *Pharm. Res., Inc*, 2002 WL 987299, at *3.

Although the Demand threatened litigation, it did not state a filing date or identify a specific forum. *See* Compl., Ex. A. Daemmrich threatened to initiate litigation at some indefinite time in the future if Daemmrich's counsel did not hear from Scholastic's counsel by December 10, 2015. There was no anticipated filing date for the litigation provided. Further, Daemmrich's counsel threatened to sue "in Daemmrich's home district," but did not identify where that was. *Id.* Scholastic cannot be accused of trying to avoid being sued in a particular forum if that forum is never identified. Daemmrich therefore cannot meet these basic requirements of the "improper anticipatory lawsuit" exception.

Regardless, even if the Instant Action was anticipatory, not all anticipatory actions are "improper," i.e., motivated solely by a "'race to the courthouse' to attain first-filed status." *See 800-Flowers, Inc.*, 860 F. Supp. at 133. An anticipatory suit is not "improper" if the first-filing party was motivated by some other, legitimate reason. *See, e.g.*, *Ontel Products, Inc.*, 899 F. Supp. at 1151. For example, courts in this district have held that an anticipatory lawsuit is *not* "improper" for purposes of the exception "where the adversary was genuinely concerned with

obtaining a benefit beyond the scope of what the other party could be expected to bring suit for." *Id.* (anticipatory filing was not "improper" where plaintiff "genuinely purse[ed] relief beyond what [opposing party's] suit could be expected to encompass").

Here, in addition to the Instant Action not being an anticipatory lawsuit, Scholastic was motivated by a legitimate reason—to protect itself from an expensive and time-consuming audit. Compl., Prayer for Relief ¶ A. Daemmrich has no audit right under copyright law. *See*, *e.g.*, *Young-Wolff v. McGraw-Hill Cos.*, No. 13-CV-4372 (KMW) (JCF), 2014 WL 349711, at *6-8 (S.D.N.Y. Jan. 31, 2014) ("Plaintiff points to neither case law nor language in the Copyright Act indicating that a copyright owner has an inherent right to sue a licensee for an audit."); *see also* Whitney Decl. Ex. H (*Senisi et al. v. John Wiley & Sons, Inc.*, Case No. 13-cv-03314 (S.D.N.Y.) (Dkt. #43)) (same). Daemmrich also has no contractual basis to seek an audit, and does not claim otherwise. Through the Instant Action, Scholastic seeks to avoid an improper demand that Scholastic search through over 20 years of records for 446 photographs, when Daemmrich has neither provided any basis for the claims of infringement nor even identified the publications that allegedly contain some of the images. The relief Scholastic seeks with respect to the audit does not fall within the scope of the expected (or actual) copyright infringement suit by Daemmrich. *See* Whitney Decl., Ex. C.

The Instant Action is therefore not an improper anticipatory lawsuit and no exception to the first-filed rule applies. *See 800-Flowers, Inc.*, 860 F. Supp. at 133 (the first-filer "had a legitimate and meritorious rationale for seeking a declaratory judgment, since a resolution of the infringement issue . . . would benefit [the first-filer's] developing business."); *see also Ivy-Mar Co. v. Weber-Stephen Prods., Co.*, No. 93 Civ. 5973 (PKL), 1993 WL 535166, at *1 (S.D.N.Y. Dec. 22, 1993) (anticipatory action for declaratory judgment of non-infringement was not "improper" because it asserted additional causes of action).

**(b)    Forum Shopping Did Not Motivate The Filing of The Instant Action**

Daemmrich also suggests that the first-filed rule should not apply because Scholastic engaged in forum shopping.  Mot. at 17.  This argument is both inaccurate and insufficient to warrant a departure from the first-filed rule.  Forum shopping qualifies as a "special circumstance" where it is the *only* motivation for the filing of the first suit in a particular forum. *See Emp'rs Ins.*, 522 F.3d at 276.

As discussed, Scholastic was motivated to file the Instant Action by a legitimate reason, not by forum shopping (and certainly not *only* by forum shopping).  Moreover, Daemmrich provides no explanation as to how New York law differs from Texas law in any way relevant to this action that would incentivize Scholastic to forum shop.  New York is clearly the appropriate forum for this action and the one with the most connection to this case. *See Pharm. Res., Inc.*, 2002 WL 987299, at *3 (forum shopping is an exception to the first-filed rule "where a suit bears only a slight connection to the action") (internal citation omitted).  Scholastic is based in New York, the majority of witnesses and evidence are in the New York area, and the alleged infringing acts are occurring in New York. *See* Declaration of Allison Henderson ("Henderson Decl.") ¶¶ 2-4.  As discussed further below, this dispute has no connection to Texas other than Daemmrich himself.  And some of the license agreements at issue are governed by forum-selection clauses *requiring* that this action be adjudicated in New York. *See id.* Exs. A & B.

Forum shopping is thus not a special circumstance that alters the rule in favor of the Instant Action. *See Pharm. Res., Inc.*, 2002 WL 987299, at *3 ("This case has a sufficient nexus with Maryland: Alpharma's principal place of business is Maryland and the alleged infringement took place in that state as well.  Therefore, forum shopping is not a special circumstance that favors the Maryland action in this case.").  Accordingly, there are no "special circumstances"

that favor a departure from the first-filed rule and the Instant Action should proceed before this Court.

### 2.    The Balance Of Conveniences Also Favors The Instant Action

New York is the more convenient and appropriate forum to hear this case.  The relevant factors to consider are:  (1) the convenience of witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.  *J. Lyons & Co. v. Republic of Tea, Inc.*, 892 F. Supp. 486, 492 (S.D.N.Y. 1995).

Scholastic is located in New York, its employees/witnesses are located in the New York area, the alleged infringement is occurring in New York, and the relevant documents are located in New York.  *See* Henderson Decl. ¶¶ 2-4; *see also 800-Flowers, Inc.*, 860 F. Supp. at 134 ("The location of witnesses and physical evidence is a major factor . . . in assessing the applicability of the first filed rule.  The convenience of both party and non-party witnesses may be the single most important factor in the analysis of whether one forum is more appropriate than a competing forum.").  While Daemmrich seeks to downplay the significance of the documents being located in New York by stating that "modern technologies permit any documents to be transported to or from New York or Texas with minimal difficulty" (Mot. at 20),[7] in this case, most of Daemmrich's images were licensed for use in numerous different hardcopy books, which

---

[7] Daemmrich relies on *Herbert Ltd. P'ship v. Elec. Arts Inc.*, 325 F. Supp. 2d 282 (S.D.N.Y. 2004), in support of this argument, but that case actually concludes that, *despite* modern technology, where the documents and evidence physically reside weighs in favor of the venue. *Id.* at 289.

are more difficult to transport.  *See* Henderson Decl. ¶ 5.  And, while Scholastic likely has greater means than Daemmrich, that disparity is significantly diminished given that Daemmrich would only have to transport *himself* to New York, and only for a limited time.

Indeed, the only genuine connection between this action and Texas is Daemmrich. Although Daemmrich claims that "three party-affiliated witnesses" are located in Texas (without explaining how they are relevant), it is dubious that Daemmrich would seek to rely on any witness other than himself (or Scholastic employees).  On the other hand, virtually every witness with knowledge regarding Scholastic's print-runs, revenue, licensing history, and potential uses of the licensed images is located in New York.  *See id.* ¶ 3.  Further, courts in the Southern District of New York have adjudicated numerous similar cases alleging that publishers have exceeded their photo licenses—many, in fact, involving Daemmrich's counsel—and a body of case law has developed as a result.  Whitney Decl. ¶ 3 & Ex. D.

Accordingly, because nearly every relevant factor favors New York over Texas, the balance of factors strongly favors the Southern District of New York and "does not overcome the presumption of allowing the action to continue in the forum where it was first filed." *800-Flowers, Inc.*, 860 F. Supp. at 134; *see also Emp'rs Ins.*, 522 F.3d at 275 ("[A]n even or inconclusively tilted 'balance of convenience' would ordinarily support application of the first-filed rule.") (internal citation omitted).

### 3. <u>Daemmrich Offers No Authority That Compels A Departure From The First-Filed Rule</u>

Daemmrich relies heavily on *Visuals Unlimited* and *Gianni Sport Ltd. v. Metallica*, No. 00 Civ. 0937 (MBM), 2000 WL 1773511 (S.D.N.Y. Dec. 4, 2000), to support a departure from the first-filed rule.  Mot. at 17-18.  Both cases, however, are factually distinguishable from the Instant Action and, therefore, inapplicable.

As noted above, the *Visuals Unlimited* court dismissed the complaint for several reasons that do not apply to the Instant Action. *See Visuals Unlimited*, 2011 WL 5245192, at *6-9. According to the court, the plaintiff, based in New Jersey, filed suit in this District to avoid less favorable law in the First Circuit, where the opposing party preferred to litigate, and the plaintiff offered no other reason for filing suit in this forum. *Id.* at *8. This suggested to the court that the plaintiff's sole motivation "was trying to get a jump" on the defendant. *Id.*

*Gianni Sport Ltd. v. Metallica*, No. 00 Civ. 0937 (MBM), 2000 WL 1773511 (S.D.N.Y. Dec. 4, 2000), is similarly inapplicable. That case involved a declaratory judgment action over the use of a trademark, which the plaintiff filed immediately after receiving a settlement offer from the opposing party. *Id.* at *5. Because the plaintiff had already ceased using the trademark, and the damages had already accrued, the court declined to exercise jurisdiction over the action. *Id.* at *4. In dicta, the court explained that, not only was the action outside the scope of the DJA, but the evidence suggested that the plaintiff was motivated to file suit by an improper purpose—the desire to gain a procedural advantage and secure its home forum. *Id.* at *6.

As detailed above, Scholastic has legitimate and compelling reasons for filing this declaratory judgment action in New York when it did. Accordingly, the Court should apply the first-filed rule and allow the Instant Action to proceed in this Court.

### 4.    Certain Stock Photo House Licenses Must Be Adjudicated in New York

This action should be heard in New York for the additional reason that full relief could not be afforded in Texas. Corbis, one of the Stock Photo Houses that licensed several of the images at issue on Daemmrich's behalf, entered into preferred pricing agreements with Scholastic that governed the terms of some of those licenses. *See* Henderson Decl., Exs. A & B. One such term requires that any disputes concerning those licensed images are subject to "the

exclusive jurisdiction of the state and federal courts located in New York, New York." *Id.*, Exs.
A at 11; B at 9.  Because Corbis acted as Daemmrich's agent in granting Scholastic permission
to use the Daemmrich images at issue, the agreements bind Daemmrich as the principal and
third-party beneficiary.  *See Magi XXI, Inc. v. Stato Della Citta Del Vaticano*, 818 F. Supp. 2d
597, 609 (E.D.N.Y. 2011).

Courts have regularly transferred cases to the Southern District of New York based on
these exact preferred pricing agreement forum-selection clauses—including as recently as last
week.  *See* Whitney Decl., Ex. F (*Sohm v. McGraw-Hill Global Ed. Holdings, LLC*, No. 16-cv-
01316-SJO-KS (C.D. Cal. June 6, 2016) (Dkt. # 44)); Ex. G (*Muench Photography, Inc. v.
McGraw-Hill Cos.*, No. 3:12-cv-02473-EMC (N.D. Cal. July 13, 2012) (Dkt. # 27)).  This is true
even when the forum-selection clause governed only a subset of the images at issue.  *See*, *e.g.*,
*Lefkowitz v. McGraw-Hill Cos.*, No. 13-1161, 2013 WL 3061549, at *5 (E.D. Pa. June 19, 2013)
(transferring case to New York and noting that retaining local jurisdiction over the remaining
claims "would be a waste of judicial resources").

This Court should thus maintain this entire action for the additional reason that an
adjudication of whether Scholastic exceeded its license terms for some of the images can only be
adjudicated in New York.[8]

## III.    SCHOLASTIC'S COMPLAINT SUFFICIENTLY PLEADS A CLAIM FOR DECLARATORY RELIEF

The Complaint states a plausible claim for relief for declaratory judgment of non-
infringement.  Daemmrich relies on the wrong standard for his erroneous contention to the

---

[8] The complaint in the Texas Action omits the Corbis-issued licenses asserted in the Demand
(Whitney Decl., Ex. C), presumably because the forum-selection clauses in the agreements
between Scholastic and Corbis require those uses to be litigated in New York.

contrary.  Mot. at 21-24.  Focusing almost exclusively on the statute of limitations defense, Daemmrich argues that Scholastic was effectively required to allege every fact and date surrounding each of the images that Daemmrich has accused Scholastic of infringing.  But Daemmrich confuses the requirements for pleading copyright infringement with the requirements for pleading a declaratory judgment action for non-infringement.  The requirements are different. *See, e.g., Lee*, 2013 WL 1234829, at *5 (recognizing that requirements for pleading affirmative infringement claims differs from requirements for pleading declaratory actions for non-infringement, and an argument to the contrary "turns the law upside down"); *see also DRK Photo*, 2012 WL 4903250, at *1 (party suing for declaratory judgment of non-infringement not required to allege that defendant owned copyrights).

To survive a Rule 12(b)(6) motion with respect to a claim for declaratory judgment, Scholastic need only allege facts sufficient to show the existence of "a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment"—the same requirement needed to establish jurisdiction under the DJA.  *State Farm Mut. Auto. Ins. Co. v. Rabiner*, 749 F. Supp. 2d 94, 102 (E.D.N.Y. 2010); 10B Charles A. Wright et al., Fed. Practice & Proc. Civ. § 2768 (3d ed. 2016) ("All that is required [in pleading a declaratory judgment claim] is a simple statement of a claim on which relief can be granted showing that the court has jurisdiction and that an actual justiciable controversy is involved.").

Scholastic demonstrated above that the Complaint includes facts sufficient to satisfy this requirement.  The Complaint describes the controversy between the parties and attached the Demand as Exhibit A.  *See generally* Compl. & Ex. A.  It also placed at issue the 446 images identified in the Demand and incorporates the five spreadsheets attached to the Demand that

provide information including invoice/license number, invoice date, image description, summary of rights licensed and title of publication.  *Id.*  ¶ 20; n.1; Whitney Decl., Ex. E.

Daemmrich has provided no authority that requires greater specificity in connection with claims seeking a declaration of non-infringement of copyright.  The reason for this is elementary: Daemmrich has provided no basis or explanation for the accusation that Scholastic has infringed Daemmrich's copyrights.  Without a factual basis for Daemmrich's accusations of infringement, there is nothing for Scholastic to counter.  Even in an action for declaratory judgment of non-infringement, Daemmrich still bears the burden of proving that Scholastic infringed.  *See Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 134 S. Ct. 843, 849 (2014) (when a licensee seeks a declaratory judgment to establish that there is no infringement, the burden of proving infringement remains with the rights holder).  Thus, the Complaint adequately puts Daemmrich on notice of Scholastic's claims and is sufficiently pled.  *See Twombly*, 550 U.S. at 570 (plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face").

## IV.    IF REQUIRED, LEAVE TO AMEND SHOULD BE GRANTED

In the event that the Court decides to dismiss any part of Scholastic's Complaint, "permission to amend it shall be freely given" where, as here, "justice so requires."  *See* Fed. R. Civ. P. 15(a)(2).  No reason exists to deny leave to amend here.  *See, e.g., Lee*, 2013 WL 1234829, at *5.

## CONCLUSION

For the foregoing reasons, Scholastic respectfully requests that this Court deny

Daemmrich's motion to dismiss.

Dated:  New York, New York
        June 14, 2016

FRANKFURT KURNIT KLEIN & SELZ, P.C.


By: /s/ Craig B. Whitney
        Edward H. Rosenthal
        Craig B. Whitney

488 Madison Avenue
New York, New York 10022
Tel.:  (212) 980-0120
Fax:  (212) 593-9175
erosenthal@fkks.com
cwhitney@fkks.com

*Attorneys for Plaintiff Scholastic Inc.*