UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                                        :
SCHOLASTIC, INC.,                                       :
                                                        :
                                   Plaintiff,           :
                                                        :          15-CV-9550 (VSB)
                   - against -                          :
                                                        :          **MEMORANDUM & OPINION**
BOB DAEMMRICH and BOB DAEMMRICH:
PHOTOGRAPHY, INC.,                                      :
                                                        :
                                   Defendants.  :
                                                        :
--------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: ___6/8/2017___

Appearances:

Beth I. Goldman
Craig B. Whitney
Edward H. Rosenthal
Frankfurt, Kurnit, Klein & Selz PC
New York, New York
*Counsel for Plaintiff*

Christopher Seidman
Maurice J. Harmon
Harmon & Seidman LLC
Grand Junction, Colorado
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

        Before me is the motion of Defendants Bob Daemmrich and Bob Daemmrich

Photography, Inc. ("Defendants") under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)

to dismiss Plaintiff's complaint for declaratory relief.  (Doc. 26.)  Because I find that Plaintiff's

complaint is an improper anticipatory declaratory judgment action, Defendants' motion is

GRANTED, and this case is dismissed without prejudice.  Defendants' concurrent request for

oral argument on their motion is denied as moot.

## I.    Background[1]

Scholastic is "the world's largest publisher and distributor of children's books and a leader in educational publications and children's media." (Compl. ¶ 14.)[2] Scholastic regularly licenses stock images to include in its publications. (*Id.*) Bob Daemmrich, through his photo agency or through Stock Photo Houses,[3] supplies photographs to publishers for use in their publications. (*Id.* ¶ 15.)

Scholastic has a relationship with each of the Stock Photo Houses, and has previously entered into comprehensive agreements that permit Scholastic to use the images represented by the Stock Photo Houses under specific terms and conditions, including the images at issue in this case. (*Id.* ¶ 16.) "In the regular course of its business dealings with the Stock Photo Houses, Scholastic provided the Stock Photo Houses with good faith, pre-publication estimates of the type of use that would be made of a particular Stock Photo House-represented photograph, including the estimated print run," and "[t]he amount invoiced by the Stock Photo House and paid by Scholastic would be based upon such estimates." (*Id.* ¶ 17.) If Scholastic thereafter exceeds some aspect of its estimates, the Stock Photo House is entitled to seek additional payment from Scholastic on behalf of the photographer it represents. (*Id.* ¶ 18.) However, none of the Stock Photo Houses has ever made a demand for payments related to the images

---

[1] The following factual summary is drawn from the allegations of the complaint. I assume the facts alleged in the complaint to be true. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002). My references to the complaint's allegations should not be construed as a finding as to their veracity, and I make no such findings. However, for purposes of the Rule 12(b)(1) motion, "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (quoting *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003)). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) a district court may consider evidence outside the pleadings." *Id.*

[2] "Compl." refers to the Complaint for Declaratory Judgment, filed on December 7, 2015 ("Complaint"). (Doc. 1.)

[3] "Stock Photo Houses" refers to Daemmrich's agents, Corbis, Inc., Getty Images, Inc., Photo Edit, Inc., Stock, Boston, Inc., and the Image Works, Inc. (Compl. ¶ 1.)

Daemmrich claims were infringed.  (*Id.* ¶ 19.)

On November 30, 2015, Daemmrich's counsel sent an email seeking an "audit" of Scholastic's use of 446 images licensed to Scholastic by the Stock Photo Houses.  (*Id.* ¶ 20.) The email included five separate spreadsheets listing the uses for each Stock Photo House, (*id.* ¶ 20 & n.1), and attached a six-month tolling agreement.  The email also requested that Scholastic "advise by December 10, 2015 if Scholastic will disclose its uses (print runs, image size, geographic distribution area, textbook language, electronic uses) of Daemmrich images, and sign the attached tolling agreement so that the parties may negotiate a settlement of Scholastic's infringements."  (*Id.* Ex. A.)  The email noted that Daemmrich would fully cooperate with any reasonable requests by Scholastic for more information from Daemmrich to evaluate these claims.  (*Id.*)  Daemmrich also promised to provide registration certificate numbers and dates of registration for the Corbis-licensed images as soon as Daemmrich received that information from Corbis.  (*Id.*)  The email further stated that if Scholastic was "not interested in tolling and pre-filing negotiations to resolve Daemmrich's claims" that Scholastic should advise Daemmrich's counsel, who would "file a lawsuit forthwith."  (*Id.*)  Finally, the email noted that if Daemmrich did not hear from Scholastic by December 10, 2015, counsel would assume that Scholastic was not interested in a pre-filing resolution and would "proceed with litigation in Daemmrich's home district," which Scholastic presumes in the Complaint is the Western District of Texas.[4]  (*Id.* ¶¶ 21, 27, 29, Ex. A.)

Daemmrich's email did not identify the basis for the assertion of copyright infringement or include the copyright registration details for the images allegedly infringed upon.  (Compl.

---

[4] Daemmrich filed an action for copyright infringement against Scholastic in the Western District of Texas on December 11, 2015.  (*See* Pl.'s Opp. 2, 5.)  "Pl.'s Opp." refers to Plaintiff Scholastic Inc.'s Opposition to Defendants' Motion to Dismiss the Complaint.  (Doc. 32.)

¶ 22.)  In fact, in "many instances" Daemmrich did not identify the Scholastic publication in

which the images were allegedly used and/or the date of the publication.  (*Id.*)  According to

Scholastic, it is "possible" that Daemmrich's copyright infringement claims include images used

in publications Scholastic is currently selling or intends to sell in the future.  (*Id.* ¶ 24.)

As a result of the foregoing, Scholastic brought a claim for declaratory relief, including a

judgment declaring that Daemmrich has no legal basis to "audit" Scholastic's use of its images

and a judgment declaring non-infringement.  (*Id.* at 8.)  Scholastic further asserts that it has

numerous defenses to Daemmrich's copyright infringement claims.  (*Id.* ¶ 30.)

## II.    **Procedural History**

 Plaintiff commenced this action by filing its Complaint for declaratory relief on

December 7, 2015.  (Doc. 1.)  On January 6, 2016, Defendants submitted a letter requesting a

pre-motion conference on their anticipated motion to dismiss, (Doc. 9), and on January 11, 2016,

Plaintiff filed its letter in response, (Doc. 12).  I set a pre-motion conference for February 25,

2016, (Doc. 13), but after receiving a joint request on February 24, 2016 to adjourn the

conference to give the parties "the opportunity to pursue settlement discussions and possible

mediation," (Doc. 20), I adjourned the pre-motion conference until April 14, 2016, (Doc. 21.)

After receiving two letters from Defendants attaching supplemental authority in advance

of the pre-motion conference, (Docs. 22, 23), I held the pre-motion conference on April 14,

2016, (*see* Dkt. Entry Apr. 14, 2016).  In accordance with the briefing schedule set during that

conference, Defendants filed their motion to dismiss on May 16, 2016, (Docs. 26–29), Plaintiff

filed its opposition on June 14, 2016, (Docs. 30–32), and Defendants filed their reply on June 24,

2016, (Docs. 33–34).  Defendants also filed five notices of supplemental authority, on July 25,

2016, October 21, 2016, December 5, 2016, April 24, 2017, and May 31, 2017.  (Docs. 35–39.)

### III.    Legal Standards

#### A.    *First-Filed Rule*

Under the first-filed rule, "in determining the proper venue, 'where there are two competing lawsuits, the first suit should have priority.'" *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (alteration omitted) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006)).  The first-filed rule does not require identical lawsuits, but rather applies when there are "substantially similar parties and claims" before both courts.  *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 116–17 (2d Cir. 1992).  In according deference to the principles of judicial administration and conservation of resources, the first-filed rule considers that "[b]ecause parties 'should be free from the vexation of concurrent litigation over the same subject matter,' there is a strong presumption that a later lawsuit will be dismissed in favor of the first-filed lawsuit."  *Dish Network, L.L.C. v. Am. Broad. Cos., Inc.*, No. 12 Civ. 4155(LTS)(KNF), 2012 WL 2719161, at *2 (S.D.N.Y. July 9, 2012) (quoting *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991)).

However, this presumption "is not to be applied in a 'rigid' or 'mechanical' way."  *Id.* (quoting *Dornoch Ltd. v. PBM Holdings, Inc.*, 666 F. Supp. 2d 366, 369 (S.D.N.Y. 2009)).  In fact, the presumption is adequately rebutted "(1) where the 'balance of convenience' favors the second-filed action, and (2) where 'special circumstances' warrant giving priority to the second suit."  *Emp'rs Ins. of Wausau v. Fox Entm't Grp., Inc.*, 522 F.3d 271, 275 (2d Cir. 2008) (internal citations omitted).  Special circumstances can include situations where "the first-filed lawsuit is an improper anticipatory declaratory judgment action."  *Id.*  "An improper anticipatory action is one made under the apparent threat of a presumed adversary filing the mirror image of that suit in another court."  *Dish Network*, 2012 WL 2719161, at *2 (quoting *Reliance Ins. Co. v.*

*Six Star, Inc.*, 155 F. Supp. 2d 49, 55 (S.D.N.Y. 2001)).  These anticipatory filings "often take the form of declaratory judgments."  *Ontel Prods., Inc. v. Project Strategies Corp.*, 899 F. Supp. 1144, 1150 (S.D.N.Y. 1995).  However, the "mere fact that an action is brought as one for a declaratory judgment 'does not necessarily mean that it constitutes an anticipatory filing for purposes of an exception to the first filed rule.'"  *Id.* (alterations omitted) (quoting *800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F. Supp. 128, 132 (S.D.N.Y. 1994)).

### B. *Declaratory Judgment Act*

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  The appropriateness of relief is within the district court's discretion.  *See Jenkins v. United States*, 386 F.3d 415, 417 (2d Cir. 2004); *see also Wilton v. Seven Falls, Co.*, 51 U.S. 277, 287 (1995) (the Declaratory Judgment Act "confers a discretion on the courts rather than an absolute right upon the litigant" (quoting *Public Serv. Comm'n of Utah v. Wykoff Co.*, 344 U.S. 237, 241 (1952))).  "The Second Circuit has provided two factors to help district courts properly exercise the broad discretion conferred by the Declaratory Judgment Act:  '(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue; and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'"  *Dish Network*, 2012 WL 2719161, at *3 (quoting *Bentley v. The Wellpoint Cos., Inc.*, No. 11 Civ. 8963(CM), 2012 WL 546991, at *4 (S.D.N.Y. Feb. 17, 2012)).  In making this decision, a district court may consider "equitable, prudential, and policy arguments."  *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 136 (2007).

An action seeking declaratory relief can be deemed anticipatory and denied the presumption of priority under the first-filed rule where the declaratory judgment action was "filed in response to a direct threat of litigation that gives specific warnings as to deadlines and subsequent legal action." *Dish Network*, 2012 WL 2719161, at *4 (quoting *Emp'rs Ins. of Wausau*, 522 F.3d at 276). "[I]f a court finds that a declaratory judgment action was brought in anticipation of the coercive suit for the purpose of gaining 'home field advantage,' the coercive suit is given precedence." *Id.* at *3 (quoting *Reliance Ins.*, 935 F. Supp. at 478). Furthermore, "courts have found no 'useful purpose' and declined to exercise jurisdiction over a declaratory judgment complaint where a coercive suit exists that will settle the legal issues for which declaratory judgment was sought." *Id.* at *4 (citing *Amusement Indus. v. Stern*, 693 F. Supp. 2d 301, 311 (S.D.N.Y. 2010) (citing cases)); *cf. Cont'l Cas. Co. v. Coastal Sav. Bank*, 977 F.2d 734, 737 (2d Cir. 1992) (useful purpose served where legal and factual issues in declaratory judgment action and state court litigations were different).

## IV.     Discussion

To be certain, a declaratory judgment action is "always, to a degree, anticipatory." *Dish Network*, 2012 WL 2719161, at *4. Here, however, I find that Scholastic's filing of the current declaratory judgment action was, in fact, specifically guided by its anticipation of an impending legal action and, therefore, falls within the "special circumstances" exception to the first-filed rule.

As an initial matter, Scholastic's declaratory judgment action was brought a mere week after receiving Daemmrich's email, and just three days before the December 10, 2015 deadline given by Daemmrich after which, absent response from Scholastic, Daemmrich would "proceed with litigation in Daemmrich's home district" by filing a lawsuit. (*See* Compl. Ex. A.) *See Dish*

*Network*, 2012 WL 2719161, at *4 ("Dish filed its complaint less than 24 hours after the article was published, bolstering the inference that Dish took the article's claims of impending coercive litigation seriously."). Although Daemmrich's counsel did not give a precise date by which he would file a copyright infringement lawsuit, his email was clear that such a lawsuit would be filed in short order, and Scholastic understood it as an "explicit threat to 'file a lawsuit forthwith.'" (*See* Compl. ¶ 27, Ex. A.) In fact, the email even identified the forum in which the lawsuit would be filed by pointing to Daemmrich's home district, which Scholastic itself identifies as "the Western District of Texas." (*See id.* ¶¶ 21, 29.) *See Ontel*, 899 F. Supp. at 1150 (a filing is improper "where it attempts to exploit the first-filed rule by securing a venue that differs from the one that the filer's adversary would be expected to choose").

Finally, the length of the Complaint—ten pages, inclusive of an attached exhibit—has been found in similar circumstances to be "indicative of hasty preparation." *See Dish Network*, 2012 WL 2719161, at *4 (length and content of complaint "indicative of hasty preparation" where it was thirteen pages long, failed to name parties who held copyrights, did not list relevant copyrights or contractual provisions at issue, and only described offending services in conclusory fashion). Here, although referring to the spreadsheets submitted by Daemmrich in connection with its email to Scholastic and charging Daemmrich with failing to provide information as to the copyright registrations, the bases for infringement, or, in some instances, the publications in which the photographs appear, (*see* Compl. ¶¶ 3, 20 n.1, 22), Scholastic fails to specifically identify, among other things, (1) any of Daemmrich's photographs it purportedly used, (2) any of its publications alleged to contain Daemmrich's photographs, (3) the purported licenses it has with the Stock Photo Houses that are at issue, and (4) the specific limitations of the licenses of the Stock Photo Houses that it may have violated. This is clearly indicative of a hastily prepared

complaint.  Additionally, the lawsuit in Texas will settle the legal issues for which declaratory

judgment is being sought in this District.  Therefore, I find that Scholastic's Complaint was an

improper anticipatory filing, and I dismiss this action without prejudice to Scholastic.[5]

### V.    <u>Conclusion</u>

For the foregoing reasons, Defendants' motion to dismiss is GRANTED, and the

Complaint is DISMISSED, without prejudice.  The Clerk of Court is directed to terminate the

open motion at Document 26 and close the case.


SO ORDERED.

Dated:  June 8, 2017
        New York, New York

Vernon S. Broderick
United States District Judge

---

[5] Scholastic also notes that "some of the Stock Photo House licenses . . . contain New York forum-selection clauses." (Pl.'s Opp. at 2-3.)  Scholastic does not identify how many licenses contained forum selection clauses, but does contend that the complaint in the Texas action omitted the Corbis-issued licenses referenced in Daemmrich's email "presumably because the forum-selection clauses in the agreements between Scholastic and Corbis require those uses to be litigated in New York."  (*Id.* at 20 n.8.)  Scholastic argues that non-infringement claims based on those licenses "*must* be adjudicated in this Court."  (*Id.* at 3.)  As noted above, Scholastic did not identify in its Complaint the specific licenses it had with the Stock Photo Houses or the terms of those licenses, including the referenced forum selection clauses contained in the Corbis-issued licenses.  In any event, I find that any arguments related to forum selections clauses would be more properly considered in the Western District of Texas, the court that will be deciding the majority of the claims and may hear any appropriate counterclaims.